Citation Nr: 1126166 
Decision Date: 07/12/11 Archive Date: 07/19/11

DOCKET NO. 08-10 704 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUE

Entitlement to service connection for hearing loss. 


REPRESENTATION

Appellant represented by: Vietnam Veterans of America


ATTORNEY FOR THE BOARD

C. C. Dale, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1964 to July 1968. This case comes before the Board of Veterans' Appeals (Board) on appeal from a January 2007 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Newark, New Jersey that denied entitlement to service connection for hearing loss. 

In a June 2009 decision, the Board denied the Veteran's claim. The Veteran appealed this decision to the United States Court of Appeals for Veterans Claims (Court). In March 2010, the Court granted a Joint Motion by the parties. The Joint Motion vacated the Board's decision, and remanded the case to the Board for action consistent with the Joint Motion. In July 2010, the Board remanded the appeal to the agency of original jurisdiction (AOJ). 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The March 2010 Joint Motion was premised on a finding that the Board had not fully considered whether the Veteran had current hearing loss as the result of an in-service assault. It noted that the Board had relied on a VA examination that did not include an opinion with regard to the relationship between current hearing loss and the assault. It instructed the Board to consider whether to obtain a medical opinion that addresses the Veteran's contention that his hearing loss was related to an in-service head injury. 

In the July 2010 remand, the Board sought an opinion as to whether the Veteran's current hearing loss was related to the reported assault or other disease or injury in service. The August 2010 VA medical opinion did not address the Veteran's reports of an in-service head injury. Thus, it is non-complaint with the Board's remand instructions. 

A remand by the Board or the Court confers on an appellant the right to VA compliance with the terms of the remand order and imposes on the Secretary a concomitant duty to ensure compliance with those terms. See Stegall v. West, 11 Vet. App. 268, 271 (1998). In Stegall the Court held that "where . . . the remand orders of the Board . . . are not complied with, the Board itself errs in failing to insure compliance." Id. 

Accordingly, the case is REMANDED for the following action:

1. The claims folder, including this remand, must be sent to a VA examiner for review; consideration of such should be reflected in the completed examination report or in an addendum.

The examiner should opine whether the clinical findings of left ear hearing loss are at least as likely as not (50 percent probability or more) related to an in-service head injury during an assault with metal pipes. 

The examiner must provide a rationale for his or her opinion. If the examiner is unable to provide an opinion without resort to speculation, he or she should explain why this is so and what, if any, additional evidence would him or her to provide the necessary opinion.

The examiner is advised that the Veteran is competent to report his symptoms, history, and in-service problems, including any head injury. Such reports must be considered in formulating any opinions. If his reports are discounted, the examiner must provide a reason for doing so.

2. The agency of original jurisdiction should review the examination report to ensure that it contains the information requested in this remand and is otherwise complete.

3. If any benefit on appeal remains denied, issue a supplemental statement of the case. Thereafter, the case should be returned to the Board, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).